**DANNEMILLER GROCERY CO v BESSLER DISAPPEARING STAIRWAY CO**

Ohio Appeals, 5th Dist, Stark Co

Decided October 17, 1931

Lynch, Day, Pontius & Lynch, Canton, for plaintiff in error.

Roetzel & Olds, Akron, and Walter S. Ruff, Canton, for defendant in error.

LEMERT, J.

The main question urged by plaintiff in error is that the subject matter of the contract being indefinitely described, the trial court erred in refusing to permit parole testimony offered for the purpose of identifying the property owned by defendant.

The above proposition, to be well founded and to control the instant case, must be indefinite, uncertain and ambiguous before the court would be warranted in permitting parole testimony for the purpose of explaining the same. We do not agree with the contention made by counsel for plaintiff in error that the description of the property is indefinite or that the contract is ambiguous. We believe that the contracting parties herein, at the time the contract was made and entered into, fully understood the terms and conditions of the same, so that there is only one real question at issue in this case and that is, Could the defendant comply with the terms of its contract by conveying or offering to convey the premises described in the petition, subject to the easement set forth in the exhibits, and as claimed by plaintiff in error, the complaint being made that the trial court rejected certain testimony offered by the defendant for the purpose of showing that Mr. Bessler, with whom the contract was originally made, at the time he signed the contract, had knowledge of the instrument which created the easement and of the actual physical existence of the easement upon the premises.

It is to be observed from the bill of exceptions that while the contract in question was in the printed form of an offer from F. E. Bessler to the Dannemiller Grocery Company, it was in fact written upon the stationery of the Eaton, Handy, Harphan Company, who were the sales agents of the Dannemiller Grocery Company; that it was prepared by one Gates, and sales manager of the Eaton, Handy, Harphan Company, and was by him taken to Mr. Bessler for his signature and then delivered to the Dannemiller Grocery Company.

Under this state of facts the authorities are quite clear that if this contract is subject to any construction at all, that construction should be in favor of the defendant in error and against the plaintiff in error, whose agent selected the language employed. The evidence in the record is clear that Mr. Bessler at no time consented to accept the property in question subject to the easement. In fact, the record shows that he specifically refused to do so, as soon as he learned of the existence of the ease-

ment, which was sometime after the preparation and approval of the particular papers in question.

We observe that all the evidence of this phase of the case was admitted by the court and was considered by the court sitting as a jury. The court having found, upon consideration of this evidence, that the parties did not place such construction upon the contract, we believe the court in so finding and holding was correct. Finding, as we do, there was no ambiguity in the contract before us, and before the court can apply any of the rules contended for by plaintiff in error to construe this contract, there must be an ambiguity requiring construction. **9 Ohio Jurisprudence, 409.**

"Where the meaning of a contract is clear, there is no need for practical construction."

**9 Ohio Jurisprudence, 424; 53 Oh St 278; 23 Oh Ap 399:**

"The ambiguity must arise from the language of the contract itself and courts will not admit parole testimony to construe an ambiguity forced into the contract to strain the apparent meaning of the language."

Therefore, entertaining the foregoing view of the real matters in issue in this case, it follows that the finding and the judgment of the court below will be and the same is hereby affirmed. Exceptions may be noted.

SHERICK, PJ and MONTGOMERY, J, concur.